**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO SUPPRESS EVIDENCE** |
| vs. | ) | |
| | ) | Case No. 1:11-cr-044 |
| Samuel Edward Scott, Steven Lee Scott, | ) | |
| and Andrew George Scott, | ) | |
| | ) | |
| Defendants. | ) | |

___

Before the Court is Steven Scott's "Motion to Suppress Evidence" filed on October 17, 2011. See Docket No. 67. The Government filed a response in opposition to the motion on October 27, 2011. See Docket No. 73. The Court denies the motion for the reasons set forth below.

**I.    BACKGROUND**

On December 16, 2010, Special Agent Robert Fontenot of the North Dakota Bureau of Criminal Investigation ("BCI") testified in support of a search warrant application before State District Court Judge Robert Wefald in Bismarck, North Dakota. See Docket No. 73-1. The Government submitted a transcript of the search warrant application hearing conducted in Judge Wefald's chambers. See Docket No. 73-1.

BCI Special Agent Robert Fontenot testified that he has experience and training in the investigation and detection of controlled substance trafficking. See Docket No. 73-1, pp. 3-4. Special Agent Fontenot is currently assigned to investigation with the Metro Area Narcotics Task Force.

BCI Special Agent Fontenot testified that he acquired information from a confidential informant regarding Samuel Scott and Steven Scott selling marijuana. See Docket No. 73-1. The confidential informant's name was not disclosed during the search warrant application. However, it was revealed that the confidential informant had convictions for providing false information to law enforcement in 2003 and 2004. See Docket No. 73-1, p. 7. Special Agent Fontenot stated that he took extra care to verify the confidential informant's reliability and credibility in this matter because of these convictions. See Docket No. 73-1, pp. 7-8.

BCI Special Agent Fontenot testified that the confidential informant showed him a group of storage units where he said Samuel Scott retrieved marijuana. See Docket No. 73-1, pp. 9-11. The confidential informant did not know the precise location of the storage units, but he indicated that Samuel Scott retrieved the marijuana from one of four specific storage units. See Docket No. 73-1, pp. 9-10. The confidential informant stated that Samuel Scott pulled smaller ziplock plastic bags full of marijuana from a larger black duffel bag located in a storage unit. Samuel Scott brought a ziplock bag of the marijuana to the confidential informant, but left the large duffel bag in the storage unit. See Docket No. 73-1, pp. 9-10. Special Agent Fontenot verified that Steven Scott was the renter of two units within the four identified by the confidential informant, specifically units 016 and 017 at 2401 Morrison Avenue in Bismarck, North Dakota. See Docket No. 73-1, p. 11. Also, the owner of the storage units revealed that Samuel Scott was listed as a contact person for the storage units rented by Steven Scott. See Docket No. 73-1, p. 11.

BCI Special Agent Fontenot testified that the confidential informant executed transactions with Samuel Scott that involved marijuana. Several of the transactions were "controlled" where prior to the transaction a law enforcement officer searched the confidential informant, equipped the

confidential informant with a radio transmitter and recording device, and provided "buy" money for the purchase of the marijuana. After the transaction was complete, a law enforcement officer then searched the confidential informant again and inventoried any contraband found. See Docket No. 73-1, p. 14-16. Also, law enforcement officers established surveillance on Samuel Scott prior to the transactions and during the transactions. See Docket No. 73-1, pp. 14-16.

During a controlled transaction on November 17, 2011, Special Agent Fontenot stated that the surveillance team observed Samuel Scott drive from his workplace to his residence at 412 Yorkshire Lane in Bismarck, North Dakota, and then to the confidential informant's residence to deliver marijuana. See Docket No. 73-1, pp. 14-16. Special Agent Fontenot heard Samuel Scott over the radio transmitter discuss the amount the confidential informant owed for the marijuana. See Docket No. 73-1, p. 16. The law enforcement officers also recovered the marijuana from the confidential informant after the transaction. See Docket No. 73-1, p. 17.

Another controlled transaction occurred on November 30, 2011, at Samuel Scott's residence. See Docket No. 73-1, pp. 18-19. Prior to the transaction, the confidential informant told BCI Special Agent Fontenot that Samuel Scott acquired a concealed weapon permit. See Docket No. 73-1, p. 19. Special Agent Fontenot confirmed through state records that Samuel Scott had a concealed weapon permit. See Docket No. 73-1, p. 19. Samuel Scott apparently pointed a handgun at the confidential informant during the controlled transaction on November 30, 2011, and Agent Fontenot heard Samuel Scott tell the informant to "dance." See Docket No. 73-1, p. 20. The confidential informant payed Samuel Scott money for marijuana that Scott had delivered previously. After the transaction, the confidential informant told Agent Fontenot that he observed several items associated

3

with drug trafficking at Samuel Scott's residence such as smoking devices, a digital scale, and a "pay-owe" book for recording drug transactions. See Docket No. 73-1, p. 20.

BCI Special Agent Fontenot testified that the confidential informant stated that he and Samuel Scott went to Steven Scott's residence at 4749 British Drive in Bismarck, North Dakota, on multiple occasions to pick up marijuana or marijuana "butter", a refined marijuana-based substance. See Docket No. 73-1, p. 21. He stated that he observed a large bag of marijuana clippings at Steven Scott's residence on one occasion. See Docket No. 73-1, pp. 21-22. The confidential informant described Steven Scott's vehicles as a white GMC pickup truck and a green Mitsubishi Eclipse. Special Agent Fontenot verified that a white GMC pickup was parked in the driveway of 4749 British Drive and confirmed that Steven Scott owned a green Mitsubishi Eclipse from the state registration records. On the date Special Agent Fontenot applied for the search warrant, he also heard Steven Scott say he had drug paraphernalia and marijuana "butter" at his residence. See Docket No. 73-1, p. 30.

Judge Wefald granted the requested search warrant for the 2401 Morrison Avenue storage units 016 and 017, Samuel Scott's residence at 412 Yorkshire Lane, and Steven Scott's residence at 4749 British Drive in Bismarck, North Dakota. See Docket No. 73-1, p. 33.

On October 17, 2011, Steven Scott filed a motion to suppress the evidence found by law enforcement when they executed the search warrants. See Docket No. 67. He contends that the information presented to Judge Wefald was insufficient to support a finding of probable cause.

## II. LEGAL DISCUSSION

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The "central requirement" of the Fourth Amendment is reasonableness. Illinois v. McArthur, 531 U.S. 326, 330 (2001). The reasonableness of the search is determined "by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." Wyoming v. Houghton, 526 U.S. 295, 300 (1999). The general rule is that law enforcement officers must secure a warrant before conducting a search. Katz v. United States, 389 U.S. 347, 357 (1967); United States v. Alberts, 721 F.2d 636, 638 (8th Cir. 1983).

A warrant must be supported by probable cause, which "exists if the warrant application and affidavit describe circumstances showing a fair probability that contraband or evidence of a crime will be found in a particular place . . . ." United States v. Keele, 589 F.3d 940, 943 (8th Cir. 2009) (quoting United States v. Montes-Medina, 570 F.3d 1052, 1059 (8th Cir. 2009)). "Probable cause is 'a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules.'" Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998) (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)). The Eighth Circuit Court of Appeals has explained:

> The court issuing a search warrant must "make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

5

United States v. Carter, 413 F.3d 712, 714 (8th Cir. 2005) (quoting Gates, 462 U.S. at 238). Probable cause can be based on a law enforcement officer's observations. United States v. Terry, 305 F.3d 818, 822-23 (8th Cir. 2002). More important, after a judicial officer has issued a search warrant upon a finding of probable cause, "that finding deserves great deference." Walden, 156 F.3d at 870.

Based on BCI Special Agent Fontenot's testimony, Judge Wefald found there to be probable cause to support search warrants for the storage units, Samuel Scott's residence, and Steven Scott's residence. Judge Wefald is a very experienced state trial court judge and his decision deserves great deference. Walden, 156 F.3d at 870. The Government filed the transcript of the search warrant application hearing held in Judge Wefald's chambers on December 16, 2010. The Court has carefully reviewed the entire transcript and would reach the same conclusion as Judge Wefald. BCI Special Agent Fontenot's testimony revealed there was a fair probability that contraband would be found at the storage units, at Samuel Scott's residence, and at Steven Scott's residence. Agent Fontenot's reliance upon specific factual information provided by a confidential informant was appropriate and independently corroborated and verified by the agent. The state district court judge who issued the search warrant relied upon his common sense, and that decision to issue a search warrant under the circumstances is entitled to great deference.

### III. CONCLUSION

For the forgoing reasons, Steven Scott's "Motion to Suppress Evidence" (Docket No. 67) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of November, 2011.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court
